Filed 2/28/25  P. v. Nelson CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SERGIO DUJUAN NELSON,<br><br>    Defendant and Appellant. | B334415<br>(Los Angeles County<br>Super. Ct. No. KA019560)<br><br>ORDER MODIFYING<br>OPINION AND DENYING<br>PETITION FOR REHEARING<br>(NO CHANGE IN JUDGMENT) |

The opinion in the above-entitled matter filed on January 31, 2025 is modified as follows:

1.     On page 3, the entire paragraph that begins:  "In 2016, the California Supreme Court held that the evidence . . ." is deleted and replaced with the following paragraph:

In 2016, the California Supreme Court held that the evidence was insufficient to support the lying in wait special circumstance finding and reversed the death sentence based

on the "unique and egregious" "manner in which the trial court invaded the deliberative process." (*Nelson I, supra,* 1 Cal.5th at pp. 549–550, 560.)

2. The citation to *In re Williams* (2020) 57 Cal.App.5th 427, 436 is deleted from the list of cases cited on page 6.

This modification does not constitute a change in the judgment.

Appellant's petition for rehearing filed February 13, 2025 is denied.

_____

ROTHSCHILD, P. J.          BENDIX, J.          WEINGART, J.

Filed 1/31/25  P. v. Nelson CA2/1 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B334415 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA019560) |
| v. | |
| SERGIO DUJUAN NELSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mike Camacho, Jr., Judge.  Affirmed.

William L. Heyman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Chung L. Mar, Deputy Attorneys General for Plaintiff and Respondent.

_____

Defendant Sergio Dujuan Nelson appeals from an order denying his motion for a hearing under *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*), to make a record of information relevant to a future youth offender parole hearing.  He contends that the statute that excludes him from such proceedings violates his constitutional rights to equal protection of the laws and the guarantees against cruel or unusual punishment.  We reject these contentions and affirm the court's order.

## FACTUAL SUMMARY AND PROCEDURAL HISTORY

Our Supreme Court summarized the facts of this case as follows:  "On September 11, 1993, [defendant] resigned from his job at Target after failing to receive a promotion.  Shortly before 4:00 a.m. on October 2, 1993, he shot and killed Robin Shirley, the woman who received the promotion [defendant] believed he had deserved, and Lee Thompson, a coworker who had defended Shirley when [defendant] harassed her about her promotion. [Defendant] knew Shirley typically waited in the parking lot for the store to open.  He rode to the Target parking lot on his bicycle, armed with a loaded gun.  Shirley and Thompson were in the front seat of Thompson's car.  [Defendant] parked his bicycle, approached the car on foot from behind and fired several shots into the car through an open rear window, then started to walk away before returning and firing again into the car.  (*People v. Nelson* (2016) 1 Cal.5th 513, 522 (*Nelson I*).)

In August 1995, a jury convicted defendant of two counts of first degree murder (Pen. Code, § 187)[1] and found true special

---

[1] Subsequent unspecified statutory references are to the Penal Code.

circumstance allegations that he committed multiple murders (§ 190.2, subd. (a)(3)) and committed them while lying in wait (§ 190.2, subd. (a)(15)). The jury also found that he personally used a firearm in committing each murder. (Former § 12022.5, subd. (a).) The court sentenced him to death.

In 2016, the California Supreme Court held that the evidence was insufficient to support the lying in wait special circumstance finding and, on that basis, reversed his death sentence. (*Nelson I, supra*, 1 Cal.5th at pp. 549–550, 574.)

On the date set for defendant's resentencing, defendant filed a motion for relief under the California Racial Justice Act (Stats. 2020, ch. 317, § 1, p. 3706) (CRJA). The court denied the motion and sentenced defendant on count 1 to prison for life without the possibility of parole (LWOP) based on the multiple murder special circumstance finding, plus the upper term of five years on the firearm enhancement. The court sentenced defendant on count 2 to a consecutive prison term of 25 years to life, plus a consecutive five years on the firearm enhancement.

Defendant appealed. In an unpublished opinion, we rejected his challenge to the court's denial of his CRJA motion, but held that the post-sentencing enactment of Senate Bill No. 567 (2021–2022 Reg. Sess.) § 2, required reversal of the upper term sentence on the firearm enhancement. (*People v. Nelson* (Feb. 2, 2023, B313825) [nonpub. opn.] (*Nelson II*).)

After remand, defendant filed a motion in the trial court under *Franklin*, seeking a hearing for the purpose of preserving mitigating evidence for use in a future youth offender parole hearing. Defendant also requested the appointment of counsel. He supported the motion with his declaration stating that he was

under 26 years old when he committed the murders and he received a sentence of more than 15 years.

On August 18, 2023, the court summarily denied the motion because he was over the age of 18 years when he committed the murders and was sentenced to LWOP.

Defendant timely appealed.

## DISCUSSION

### A.  *Equal Protection*

Under section 3051, a person who commits a crime when he or she is under 18 years of age and is sentenced for that crime to LWOP is entitled to a youth offender parole hearing and eligible for release on parole after 25 years of incarceration.  (§ 3051, subd. (b)(4).)  In *Franklin*, our state Supreme Court established that defendants who are entitled to receive a youth offender parole hearing in the future have the right presently to make a record of information that may be relevant to that future parole hearing.  (*Franklin, supra*, 63 Cal.4th at p. 284.)  Courts refer to this information-preserving opportunity as a "*Franklin* hearing." (*In re Cook* (2019) 7 Cal.5th 439, 459; *People v. Mason* (2024) 105 Cal.App.5th 411, 414 (*Mason*).)

Section 3051 "shall not apply to cases in which . . . an individual is sentenced to [LWOP] for a controlling offense that was committed after the person had attained 18 years of age." (§ 3051, subd. (h).)  Defendant murdered his victims when he was 19 years old.  He is thus statutorily excluded from the benefit of a youth offender parole hearing and, therefore, not entitled to a *Franklin* hearing.  Defendant contends that denying these procedures to him deprives him of equal protection of the laws under the federal and state Constitutions because, as a young

4

adult sentenced to LWOP, he is treated differently than juvenile offenders sentenced to LWOP.[2]

Defendant and the Attorney General agree that the test for evaluating the defendant's equal protection challenge is whether there is a rational basis for the Legislature's disparate treatment of individuals serving LWOP terms who, like defendant, committed their crimes when they were adults and those who committed their crimes as juveniles. (Cf. *Hardin, supra*, 15 Cal.5th at p. 851.)

The Courts of Appeal that have considered this issue have unanimously upheld the disparate treatment defendant challenges. In *People v. Sands* (2021) 70 Cal.App.5th 193, the court explained that "[t]he Legislature had a rational basis to distinguish between offenders with [LWOP sentences] based on their age. For juvenile offenders, such a sentence may violate the Eighth Amendment. [Citations.] But the same sentence does not violate the Eighth Amendment when imposed on an adult, even an adult under the age of 26." (*Sands, supra*, at p. 204.) The *Sands* court thus concluded "that the Legislature could rationally decide to remedy unconstitutional sentences but go no further." (*Ibid.*; accord, *Mason, supra*, 105 Cal.App.5th at p. 415; *People v.*

---

[2] Defendant appears to also argue that treating young adult defendants who are sentenced to LWOP and young adult defendants who are not sentenced to LWOP differently violates equal protection guarantees. But it further appears that he concedes that this argument is foreclosed by our Supreme Court's decision in *People v. Hardin* (2024) 15 Cal.5th 834 (*Hardin*). If he is making the argument and not conceding its lack of merit, we reject it under the controlling authority of *Hardin*. (See *id.* at p. 866.)

*Hardin* (2022) 84 Cal.App.5th 273, 285–286, review granted
Jan. 11, 2023, S277487, revd. on other grounds by *Hardin, supra*,
15 Cal.5th 834; *In re Murray* (2021) 68 Cal.App.5th 456, 464;
*In re Williams* (2020) 57 Cal.App.5th 427, 436; *People v. Morales*
(2021) 67 Cal.App.5th 326, 347; *People v. Acosta* (2021) 60
Cal.App.5th 769, 779–780.)  We agree with these authorities and
note that defendant does not cite contrary authority or make a
cogent argument for rejecting them.  We therefore reject his
equal protection argument.

### B.  *Cruel or Unusual Punishment*

Nelson contends that his LWOP sentence violates
the federal and state constitutional bans on cruel or unusual
punishment.  He acknowledges that he did not raise this issue
below and that we previously rejected "a somewhat similar
contention" in 2023.  (See *Nelson II, supra*, B313825.)
Nevertheless, he contends that, although his LWOP sentence is
not unconstitutionally cruel or unusual as such, the Legislature
"cause[d]" his sentence to become cruel and unusual when it
granted youth offender parole hearings for some persons—
including persons serving non-LWOP terms who committed their
crimes when they were between 18 and 26 years of age—while
denying that right to him.  The Legislature has, he argues, moved
the line that courts had drawn to determine the constitutionality
of LWOP sentences from 18 years of age to 26 years of age.
The argument is made without citation to apposite authority.
Moreover, the legislative acts of lenity in providing youth
offender parole hearings to young adults who committed crimes
punished less severely than LWOP, does not render defendant's
punishment unconstitutionally cruel or unusual.

6

## DISPOSITION

The August 18, 2023 order from which defendant appeals is affirmed.

<u>NOT TO BE PUBLISHED</u>.

ROTHSCHILD, P. J.

We concur:

BENDIX, J.

WEINGART, J.